UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JAMES E. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-CV-0033 |
| | ) | |
| vs. | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation. Plaintiff's Disability Insurance Benefits and Supplemental Security Income applications under the Social Security Act were denied after a hearing before an Administrative Law Judge ("ALJ"). This action is for judicial review of the Commissioner's final decision per 42 U.S.C. § 405(g). Each party has filed a dispositive motion [Docs. 14 & 16] with a supporting memorandum [Docs. 15 & 17].

### I.     APPLICABLE LAW – STANDARD OF REVIEW

A review of the Commissioner's findings is narrow. The Court is confined to determining (1) whether substantial evidence supported the factual findings of the ALJ and (2) whether the Commissioner conformed with the relevant legal standards. 42 U.S.C. § 405(g); *see Brainard v. Sec'y of Health & Human Servs.,* 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence" is evidence that is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support the challenged conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn is one of fact. *LeMaster v. Sec'y of Health & Human Servs.,* 802 F.2d 839, 841 (6th Cir. 1986). A Court may not try the case *de novo*, resolve conflicts

1

in the evidence, or decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Even if a court were to resolve factual issues differently, the decision must stand if substantial evidence supports it. *Listenbee v. Sec'y of Health & Human Services,* 846 F.2d 345, 349 (6th Cir. 1988). But, a decision supported by substantial evidence "will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007).

A claimant must be under a "disability" as defined by the Act to be eligible for benefits. "Disability" includes physical and mental impairments that are "medically determinable" and so severe as to prevent the claimant from (1) performing his past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. 42 U.S.C. § 423(a).

A five-step sequential evaluation applies in disability determinations. 20 C.F.R. §§ 404.1520 & 416.920. Review ends with a dispositive finding at any step. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). The complete review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's [Residual Functional Capacity], can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work — and also considering the claimant's age, education, past work experience, and RFC — do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4).

A claimant has the burden to establish an entitlement to benefits by proving the existence

of a disability under 42 U.S.C. § 423(d)(1)(A). *See Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). The Commissioner has the burden to establish the claimant's ability to work at step five. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## II.    RELEVANT FACTS AND PROCEDURAL OVERVIEW

### A.    Procedural History

James E. Lee ("Lee") filed applications for disability insurance and supplemental security income in April 2013, alleging an onset date of April 8, 2012. (Doc. 8, Transcript pp. 12) (reference to "Tr" and the page denote the administrative record). Lee's claims were denied on March 19, 2014. (Tr. 12). The claims were again denied upon reconsideration in July 2014. (*Id.*). An ALJ conducted an evidentiary hearing on September 25, 2016. Lee and a vocational expert testified. (Tr. 33-55).

The ALJ followed the five-step analysis in evaluating the claims. He found Lee had severe medical impairments, (Tr. 15), but determined Lee was not disabled. The findings were:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014;

2. The claimant has not engaged in substantial gainful activity since April 8, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*);

3. The claimant has the following severe impairments: degenerative disc disease, Type II diabetes mellitus, and depression. (20 CFR 404.1520(c) and 416.920(c));

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) which includes occasionally climb, balance, stoop, kneel, crouch or crawl; and mentally: the claimant can perform and maintain concentration and persistence for simple, routine,

    repetitive tasks for two hour segments; can only adapt to infrequent changes in the work setting; is limited to work that does not require any public interaction; and no more than occasional interaction with co-workers or supervisors;

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965);

7.  The claimant was born [in 1966] and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963);

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964);

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2);

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)); and

11.  The claimant has not been under a disability, as defined in the Social Security Act, from August 3, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 15-25).[1] The Appeals Council denied the review request. (Tr. 1).

**B.  Evidence in the Record**

  The ALJ summarized the evidence. (Tr. 15-23). Lee's brief does not review the record evidence [Doc. 15]; the Commissioner's brief provides a detailed overview [Doc. 17, pp. 1-8]. The relevant medical evidence in the record is as follows. In September 2011, Dr. Freeman completed a section of an application for a disability placard for Lee in which he indicated Lee was

---

[1] A discussion follows many of the findings. Such discussion is not repeated here unless necessary.

permanently disabled due to back pain (Tr. 356). Jonathan Wireman, M.D., a State agency medical consultant, examined Lee in January 2014 and opined that he could lift 20 to 30 pounds occasionally and 10 pounds frequently, sit for 8 hours in an 8-hour workday; but could only stand/walk for 2 hours in an 8-hour workday (Tr. 414). State agency medical consultants reviewed the medical records. Rebecca Joslin, Ed.D., opined that Lee could perform simple and detailed instructions, interact occasionally with others, and adapt to infrequent workplace changes (Tr. 83-84, 88-90). Contrary to the opinion of Dr. Wireman, Dr. Joslin opined Lee could stand/walk six hours in an eight-hour workday (Tr. 86). In February 2014, Reeta Misra, M.D., opined that Lee could perform light work with occasional postural activities (Tr. 80-82, 85-88). In June 2014, Larry Welch, Ed.D., reviewed the updated medical records and agreed with Dr. Joslin's limitations (Tr. 121-23, 127-28). In July 2014, Kanika Chaudhuri, M.D., also reviewed the updated medical records and agreed with Dr. Misra's opinion regarding Lee's limitations (Tr. 124-27).

At the administrative hearing, Donna Bardsley, a vocational expert, testified regarding the availability of jobs assuming an individual limited to light work with occasional postural activities, limited to simple, routine, repetitive tasks with infrequent changes, occasional interaction with co-workers and supervisors, and no interaction with the public. The vocational expert testified that such an individual could perform the work of a sorter, an inspector, or an assembler and identified sufficient number of jobs available in the national economy. (Tr. 51-54).

After the ALJ denied his claim, Lee submitted to the Appeals Council an application for a disabled person license plate signed by Dr. Marta Hayt dated November 5, 2015. The Appeals Council found that it was outside the relevant time period and did not place any weight on it (Tr. 2).

### III. ANALYSIS

Lee argues this case should be remanded for the ALJ to consider his two applications for

"Disabled Person License Plate or Placard," dated September 20, 2011, and November 5, 2015 that contain information from Dr. Kristin Freeman and Dr. Marta Hayt[2] (Tr. 356, 535 & Doc. 15-1) (hereafter "2011 Application" and "2015 Application"). Lee also argues that the ALJ erred by failing to identify good reasons for rejecting Dr. Freeman's opinion on the 2011 application. He maintains both applications are treating source opinions. The Commissioner opposes Lee's motion and seeks summary judgment on the basis that substantial evidence supports the Decision.

### A.     The 2011 Application for a Tennessee Disabled Person License Plate or Placard

The first issue is whether the case should be remanded for the ALJ to consider Lee's 2011 application for a disability placard. In this case, the ALJ did not discuss Lee's 2011 application for a disability placard. The 2011 Application contains a medical certification section where Dr. Freeman checked a box indicating that Lee had a permanent disability of "back pain" but was not permanently confined to a wheelchair and did not use any mechanical devices such as a braces or crutches to ambulate (Tr. 356, 535). By executing the form, Dr. Freeman also certified Lee met the requirements of T.C.A. § 55-21-102(3)(A), which requires a physician to certify that the requirements of the statute have been met.[3] The second issue raised by Lee, which the Court will also address here, is his claim that the ALJ failed to give "good reasons" for rejecting Dr.

---

[2]     Lee attached the second page of the two-page application to his brief, but failed to supply the first page [Doc. 15-1].

[3]     Tenn. Code Ann. § 55-21-102(3)(A) provides as follows:

"Disabled driver" is one who is disabled by paraplegia, amputation of leg, foot or both hands, or is disabled by loss of use of a leg, foot or both hands, or other condition, certified to by a physician duly licensed to practice medicine, resulting in an equal degree of disability (specifying the particular condition) so as not to be able to get about without great difficulty, including impairments that, regardless of cause or manifestation, confine the person to a wheelchair or cause the person to be so ambulatorily disabled that the person cannot walk two hundred feet (200') without stopping to rest and includes, but is not limited to, those persons using braces or crutches, arthritics, spastics and those with pulmonary or cardiac ills who may be semiambulatory….

6

Case 2:17-cv-00033-PLR-MCLC Document 19 Filed 02/15/18 Page 6 of 12 PageID #: 623

Freeman's opinion on the disability application.

As an initial matter, Lee alleges that he became disabled on April 8, 2012. The application and that of Dr. Freeman's opinion is September 20, 2011, which predates his alleged onset date. That the ALJ failed to discuss this application, completed at a time when Lee does not allege he was disabled, is harmless error. See *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(finding harmless error where the ALJ failed to mention a treating physician's opinion prior to the claimant's alleged onset date). Thus, to the extent it is any error at all, it would be harmless.

The application is also not insightful on the issue of disability. In *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007), the Sixth Circuit noted that the standard for being issued a disability placard is not the same as receiving disability under the social security regulations. It noted that the "ordering of a disability placard adds nothing to a finding of disability here because there is no evidence that the two have substantially similar requirements for finding a person to be disabled." *Id.* In addition, the regulations are explicit that disability determinations are reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1).

Other district court cases have taken a similar view of the utility of applications for a disabled parking placard. In *Parmley v. Astrue*, No. CIV.A. 08-25-HRW, 2008 WL 3850250, at *4 (E.D. Ky. Aug. 15, 2008), the court found the ALJ properly disregarded the notation made by a treating physician on a disability placard application. The physician checked the box that plaintiff was "permanently disabled." *Id.* The court noted that that type of opinion is not useful in determining whether an individual is disabled as it is limited to the context of obtaining a parking pass. *Id.* Similarly, in *Miller v. Comm'r of Soc. Sec.*, No. 1:13-CV-1388 GLS, 2015 WL 1383816, at *8 (N.D.N.Y. Mar. 25, 2015), the court found it was a "stretch" to view a physician's repeated certifications of "temporarily disability" on disabled parking applications as treating source medical assessments that are entitled to controlling weight. *Id.* The court explained that a check

box certification without supportive clinical findings may suggest "nothing more than accommodations of [the claimant's] requests." *Id.* Likewise, the absence of treatment notes that assess capacity for physical functions corresponding to work activities was of importance to the court. The court determined that even if the certifications were considered treating source opinions, they were not specific enough to impact the ALJ's assessment of the plaintiff's RFC. *Id.*; *see also Herriage v. Colvin*, 2015 WL 5472496 at *4 (D. Kansas 2015) (ALJ properly discounted application as unsupported and conclusory due to lack of a function-by-function evaluation of exertional abilities and list of specific impairments imposing walking limitations").

Moreover, while the ALJ did not directly discuss the 2011 application, Dr. Misra considered the September 2011 application and found Lee's statements regarding his ability to walk not credible. (Tr. 81-82). The ALJ credited the Dr. Misra's opinion and incorporated Dr. Misra's limitations for standing/walking into the RFC finding (Tr. 18, 22). Thus, the 2011 application does not add anything to the analysis that was not already before the ALJ in the medical records. Remand is not warranted.

### B.   The 2015 Application Submitted to Appeals Council as Post-Hearing Evidence

After the ALJ found Lee not disabled, and during the Appeals Council review, Lee submitted a 2015 Application for a Disabled Person License Plate or Placard. He contends this application, signed by Dr. Hayt, demonstrates he has walking and standing restrictions that would result in a reduction or elimination of available jobs or occupations. Because the application is dated after the Decision, it was not available for the ALJ's consideration. The Appeals Council advised in its notice of action that it had "looked" at the 2015 application. (Tr. 2). The Council considered it to be new information about a later time that would not affect the disability determination. See 20 C.F.R. § 404.970(b)("the Appeals Council shall consider the additional

evidence only where it relates to the period on or before the date of the administrative law judge hearing decision").

The Sixth Circuit has held that evidence submitted after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) ("[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify or reverse the ALJ's decision.) But, a court may remand for further administrative proceedings if the claimant shows that the evidence is "new and material" and there was good cause for not presenting it in the earlier proceeding. *Id.*

Sentence six of 42 U.S.C. § 405(g) permits this Court to remand a case for further administrative proceedings without ruling on the merits. In conducting a sentence six remand, this Court does not affirm, reverse, or modify the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Further, this Court retains jurisdiction while the matter is remanded; thus, a sentence six remand is not a final judgment that can be appealed. See *id*. To obtain a remand under sentence six, a claimant must show (1) the evidence at issue is both "new" and "material," and (2) there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Cline,* 96 F.3d at 148. The party seeking remand bears the burden of showing these two requirements are met. *Oliver v. Sec'y of Health & Human Servs*., 804 F.2d 964, 966 (6th Cir. 1986).

In this case, the Court does not find that Plaintiff has made a sufficient showing to justify remanding the case for further consideration under sentence six. The evidence must first be both new and material. The evidence certainly satisfies the initial inquiry of being new as it was "not in

existence … at the time of the administrative proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). But the Court finds the evidence is not material. Evidence is "material" if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). A post-decision evaluation is not material if it is cumulative of evidence already in the record, or if it merely shows a worsening condition. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 277–78 (6th Cir. 2010).

Dr. Hayt signed the 2015 Application after the ALJ decision, thus it was not in existence at the time of the ALJ hearing. Here, he alleges that the 2015 application indicates that he "cannot walk over 50 feet without rest." [Doc. 15-1]. There are a number of reasons why this application does not support a sentence six remand. First, there is no indication that Dr. Hayt is a treating physician or whether he even examined Lee in coming to this conclusion. The record contains five pages of lab reports from Indian Path hospital for tests ordered by Dr. Hayt in mid-2015. (Tr. 529-34). Absent are treatment notes, records of exams and other evidence of the nature and extent of the relationship. There is certainly no longitudinal picture of Lee in lab reports. The Court cannot find that Dr. Hayt had an ongoing treatment relationship with Lee at any point prior to the Decision or at the time she signed the 2015 disability application. The application would not be entitled to deference as a treating source opinion.

Second, the evidence is not material. Dr. Hayt does not address whether Lee could, in fact, otherwise perform light work, including standing for six hours in an eight-hour workday. Third, to the extent this evidence is material, which the Court finds that it is not, Lee has not shown good cause for why he did not obtain that evidence prior to the hearing. Remand for consideration of the 2015 application is unwarranted.

## C. The ALJ's Decision is Supported by Substantial Evidence

The ALJ properly weighed the medical expert opinions in arriving at Lee's residual functional capacity. He gave reasons why he rejected some opinions and accepted others. Dr. Wireman opined Lee could perform lift 20 pounds occasionally and 10 pounds frequently, consistent with a light work exertional capability, but limited him to standing/walking for two hours in an eight-hour workday (Tr. 16, 20, 22, 414). The ALJ rejected the standing/walking limitation as inconsistent with the clinical presentations, conservative treatment and objective tests and scans. (Tr. 23). This was fully supported by the record. Lee exhibited full strength and normal ranges of motion. (Tr. 331, 335, 383, 436). X-rays showed only mild degenerative change at L1-2, L3-4 and L5-S1, and moderate changes at L4-5 (Tr. 417). After those x-rays were taken, the State agency medical consultants opined Lee could perform light work and, contrary to Dr. Wireman's opinion, concluded Lee could stand/walk for six hours in an eight-hour workday (Tr. 86, 124-27). The reason the State agency consultants' opinion differed from Dr. Wireman's was based on the x-rays, the range of motion testing and Lee's strength (Tr. 82, 88, 126). These are good reasons provided by the ALJ and are supported by the record. The ALJ properly discounted the opinion of Dr. Wireman regarding the standing/walking limitations.

The ALJ found similarly with regard to the State agency medical consultants regarding Lee's mental impairments. In January 2014, Dr. Joslin opined Lee could perform detailed instructions, interact occasionally with others, and adapt to infrequent changes in the workplace (Tr. 83-84, 88-90). Contrary to Dr. Joslin's opinion, the ALJ found Lee was more restrictive in dealing with the general public and limited Lee to simple, routine, repetitive tasks (Tr. 18). Thus, the record supports the ALJ's limitations in this regard. Lee does not otherwise contest this finding.

At the hearing, the ALJ obtained testimony from a VE to determine whether work exists in the national economy for a claimant with a RFC to perform light work with the identified non-

exertional limitations. The ALJ asked the VE to assume the claimant was limited to light exertion, occasional climbing, balancing, stooping, kneeling, crouching or crawling, and was restricted simple, routine, repetitive tasks for two hour segments; infrequent changes in the work setting; no public interaction; and no more than occasional interaction with co-workers or supervisors. The VE testified that work exists that such a claimant could perform, including sorter, inspector, and assembler jobs. (Tr. 52). The VE identified sufficient jobs in the national economy.

The ALJ asked the VE to identify any conflicts between her opinion and the Directory of Occupational Titles. She did not identify any. (Tr. 51-55). The ALJ determined Lee had the residual functional capacity to perform light work with the limitations identified in the hypothetical (Tr. 18). The ALJ found work exists in substantial numbers that a claimant with Lee's limitations could perform, and as a consequence, found Lee was not disabled. The Decision complies with applicable authority and is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that substantial evidence exists to support the ALJ's decision. Accordingly, the court RECOMMENDS that Plaintiff's motion for judgment on the pleadings [Doc. 14] be DENIED and the Commissioner's motion for summary judgment [Doc. 16] be GRANTED for the reasons stated herein.[4]

>                    RESPECTFULLY SUBMITTED:
>
>                    s/ Clifton L. Corker
>                    UNITED STATES MAGISTRATE JUDGE

---

[4] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).